UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS ROBINSON,

    Plaintiff,

v.                                              CASE No. 8:08-CV-1824-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because the Commissioner of Social Security fails to explain its credibility determination of certain of the plaintiff's subjective complaints, the decision will be reversed, and the matter remanded for further consideration.

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

I.

The plaintiff, who was forty-nine years old at the time of the administrative hearing and who has a high school education, has worked primarily in construction as a laborer and concrete finisher (Tr. 73, 103, 106, 316-17, 324). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to a heart condition, high blood pressure, and a lung problem (Tr. 72). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff suffers from the following severe impairments: a history of congestive heart failure and cardiomyopathy, diabetes mellitus, sleep apnea, high blood pressure, obesity, hypertension, and shortness of breath (Tr. 36). The law judge, in light of these impairments, concluded the plaintiff has the following limitations (Tr. 40):

> [T]he claimant has the residual functional capacity to lift and carry ten pounds frequently and twenty pounds occasionally; he is able to sit, stand, and /or walk for six hours of an eight hour workday; he must avoid concentrated exposure to extreme cold

and extreme heat; he is limited to occasional climbing, balancing, stooping, kneeling, and crouching, and he is precluded from crawling and climbing ladders, scaffolds, and ropes.

The law judge determined further that these limitations prevented the plaintiff from returning to past work (id.). However, based upon the plaintiff's residual functional capacity, his age and his education, the law judge ruled that the medical-vocational guidelines indicated that the plaintiff was not disabled (Tr. 40). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported

by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The administrative law judge considered the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. See 20 C.F.R. 404.1501 et seq. Those regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in

tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

III.

The plaintiff challenges the law judge's decision on two grounds. One has merit and warrants reversal.

The plaintiff argues that the law judge did not properly consider the plaintiff's subjective complaints regarding symptoms of hypersomnolence and fatigue under the Eleventh Circuit pain standard (Doc. 17, pp. 9-10). The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2)

-6-

that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge concludes that there is an objectively determined medical condition which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n. 6 (11th Cir. 1985).

The plaintiff testified to limitations from sleepiness, dizziness, and fatigue (Tr. 320, 323, 325). The plaintiff said that his medicines make him drowsy or weak so that he lies down a lot (Tr. 320). He added that he falls asleep while watching television (Tr. 323). He testified further (Tr. 325):

> Q. How often do you get dizzy?
>
> A. When like we found that I'm somewhere like sitting outside, like maybe like in the sun or else on the front porch, or maybe in the house, like when I, when I be in at the, taking like my medication, sir.
>
> Q. And you get dizzy?
>
> A. Yes, sir. I just lay down.

> Q. Okay. What, what time do you get up in the morning?
>
> A. I get up at, get up, get up in the morning around about 7:00. Again, my wife, she's fixing my food. Then I take my medication, then I just lay right down.
>
> Q. You lay back down?
>
> A. Yes, sir.
>
> Q. How long do you lie down after you, after you've had your breakfast and medication?
>
> A. Between three and four hours, sir.
>
> Q. And then after lunch, what do you do during the afternoon?
>
> A. After lunch I take the other part of my medication and then lay back down for about, maybe about three hours...

Notably, the law judge acknowledged this testimony in his summary of the evidence (Tr. 38-39). However, he did not make any specific assessment of that testimony. His failure to do so constitutes reversible error.

Social Security Ruling 96-7p, 1996 WL 374186 at *1, *2 (S.S.A.) provides:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including ... the individual's own statements about symptoms.... It is not sufficient for the adjudicator to make a single conclusory statement that the "individual's allegations have been considered" or "that the allegations are (or are not) credible." It is also not enough for the adjudicator to simply recite the factors that are described in the regulations for evaluating symptoms. The determination ... must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight.

The last sentence is reflective of the principle established in Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986), that the law judge must state specifically the weight accorded each item of impairment evidence and the reasons for his decision on such evidence.

The plaintiff complains that the law judge provided only boilerplate language to explain his credibility determination (Doc. 17, p. 10). While the law judge here supplements the typical boilerplate regarding "the intensity, persistence and limiting effects" of symptoms (Tr. 39), the additional language does not shed any meaningful light on the reasons for

discounting the plaintiff's testimony regarding drowsiness, dizziness, and fatigue. Thus, the law judge merely states (id.):

> [T]he undersigned finds that there are discrepancies between the [plaintiff's] assertions and the degree of medical treatment (including medications) sought and obtained over more than three years; the diagnostic tests and findings made on examination; the reports of the treating and examining physicians; the level of restrictions on the [plaintiff] in the physician opinions of record; and, the level of follow-up treatment, including diagnostic testing, ordered by the treating physicians. The medical reports show that the [plaintiff] is not following medical treatment as prescribed; however, the [plaintiff] has offered no good reasons for failure.
>
> Subjective complaints are considered credible only to the extent that they are supported by the evidence of record. However, the allegations by the [plaintiff] as to the intensity, persistence, and limiting effects of his symptoms are not well supported by probative evidence and are not wholly credible.

These statements are too general to permit meaningful judicial review. See Marbury v. Sullivan, 957 F.2d 837, 840 n.2 (11th Cir. 1992); Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987); Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985); Snyder v. Commissioner of Social Security, 2009 WL

1492653 at *4-*5 (11th Cir. 2009). Although I have read the entire transcript, I simply cannot discern what facts the law judge had in mind when he (as he apparently did) discounted the plaintiff's testimony regarding drowsiness, dizziness, and fatigue. Consequently, a remand is warranted.

The plaintiff also contends that the law judge erred when he relied upon the grids, instead of employing a vocational expert. In this case, the law judge expected that a vocational expert would testify, albeit by telephone (Tr. 322, 326). The law judge, however, was unable to reach the expert, so no vocational testimony was presented. Under these circumstances, it is appropriate to assume that, on remand, a vocational expert will be available. Consequently, the plaintiff's contention regarding the use of the grids will be pretermitted.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby REVERSED,

and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 31st day of July, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE